IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Stephanie McCoy**, individually and on behalf of others similarly situated, | : |
| Plaintiff, | : |
| v. | : |
| **Heavenly Circle LLC** dba Heavenly Circle Home Care, LLC, 502 Broadway Lorain, Ohio 44052 | : Civil Action No. 1:22-cv-01930 : JUDGE : MAGISTRATE JUDGE |
| -and- | : COLLECTIVE AND CLASS ACTION COMPLAINT |
| **Marilyn Vicente** 502 Broadway Lorain, Ohio 44052 | : **JURY DEMAND ENDORSED HEREON** |
| -and- | : |
| **Elba Rodriguez** 502 Broadway Lorain, Ohio 44052 | : |
| Defendants | : |

**PLAINTIFF'S COLLECTIVE AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT AND OHIO LAW**

Now comes Plaintiff Stephanie McCoy ("Named Plaintiff"), individually and on behalf of other members of the general public similarly situated, for her Complaint against Heavenly Circle LLC ("Defendant HC"); Marilyn Vicente ("Defendant Vicente"); and Elba Rodriguez ("Defendant Rodriguez") (collectively "Defendants"). Named Plaintiff seeks all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; the Ohio

Minimum Fair Wage Standards Act, O.R.C. §§ 4111.01, 4111.03, 4111.08, and 4111.10 ("the Ohio Wage Act"); and the Ohio Prompt Pay Act ("OPPA"), O.R.C. § 4113.15 (the Ohio Wage Act and the OPPA will be referred to collectively as "the Ohio Acts"). The claims under the FLSA are brought as a collective action pursuant to 29 U.S.C. § 216(b); the claims pursuant to the Ohio Acts are brought as a class action pursuant to Federal Rule of Civil Procedure 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

## I. JURISDICTION AND VENUE

1. This action is brought pursuant to the FLSA, the Ohio Acts, and 28 U.S.C. § 1331.

2. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367, as this Complaint raises additional claims pursuant to the laws of Ohio over which this Court maintains supplemental subject matter jurisdiction because they form a part of the same case or controversy.

3. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendants jointly employed Named Plaintiff and others similarly situated in the Northern District of Ohio, a substantial part of the events or omission giving rise to the claim occurred in the Northern District of Ohio, and Defendants have done substantial business in the Northern District of Ohio.

## II. PARTIES

### Named Plaintiff

4. Named Plaintiff is an individual, a United States citizen, and a resident of the State of Ohio living in the Northern District of Ohio.

5. At all times relevant herein, Named Plaintiff was jointly employed by Defendants as an hourly, non-exempt Home Health Aide ("HHA") from approximately December 2018 until June 2022.

6. At all times relevant herein, Named Plaintiff was an hourly, non-exempt employee of Defendants as defined in the FLSA and the Ohio Acts.

7. Named Plaintiff brings this action on behalf of herself and other similarly situated hourly employees and has given her written consent to bring this action to collect unpaid overtime and other unpaid compensation under the FLSA. Named Plaintiff's consent is being filed along with the Complaint pursuant to 29 U.S.C. § 216(b). *Consent to be Party Plaintiff*, attached hereto as **Exhibit A**.

### Defendants

8. Defendant HC is a domestic limited liability company with its principal place of business in the Northern District of Ohio. Defendant HC operates a home care staffing agency of direct care workers for those who need in-home assistance.

9. Upon information and belief, Defendant Vicente is an individual, a United States Citizen, a resident of the State of Ohio, and is believed to be a founding owner of Defendant HC.

10. Upon information and belief, Defendant Rodriguez is an individual, a United States Citizen, a resident of the State of Ohio, and is believed to be a founding owner of Defendant HC.

11. Defendants are and have been, jointly and individually, "employers" as that term is defined by the FLSA and the Ohio Acts. Defendants are a single integrated enterprise and/or joint employers of Named Plaintiff and all other similarly situated employees as those terms are defined in the FLSA and the Ohio Acts.

12. At all times relevant to this action, Defendants have been jointly engaged in commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in commerce within the meaning of the FLSA.

13. Upon information and belief, Defendants had annual gross volume sales and/or business in an amount not less than $500,000.00.

14. At all relevant times, Defendants have had direct or indirect control and authority over Named Plaintiff and other similarly situated employees' working conditions. At all relevant times, Defendants exercised that authority and control over Named Plaintiff and other similarly situated employees.

15. At all relevant times, Defendants have had direct or indirect control and authority over matters governing the essential terms and conditions of employment for Named Plaintiff and other similarly situated employees at the locations where Defendants operated and Named Plaintiff and other similarly situated employees worked. At all relevant times, Defendants exercised that authority and control over Named Plaintiffs and other similarly situated employees.

16. At all relevant times, Defendants have had the authority to hire and fire employees, supervise and control the work schedules and work conditions of employees, determine the rate and method of pay, and/or maintain employee records.

17. During relevant times, Defendants have not acted entirely independently of each other and have not been completely disassociated with respect to Named Plaintiff and similarly situated employees.

18. During relevant times, Defendants shared the services of Named Plaintiff and similarly situated employees.

19. During relevant times, Defendants acted directly or indirectly in the interest of each other in relation to Named Plaintiff and similarly situated employees.

20. Upon information and belief, Defendants apply or cause to be applied substantially the same employment policies, practices, and procedures to employees at their locations, including policies, practices, and procedures relating to the payment of wages, overtime, and timekeeping.

21. At all relevant times, Defendants suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendants' benefit.

22. During all relevant times, Defendants jointly suffered and permitted Named Plaintiff and those similarly situated to work more than forty (40) hours per workweek while not compensating them for all such hours worked over forty (40) at a rate of at least one-and-one-half times (1.5x) their regular rates of pay.

23. Defendants are in possession and control of necessary documents and information from which Named Plaintiff would be able to precisely calculate damages.

24. Upon information and belief, Defendants, at all times relevant hereto, were fully aware of the fact that they are legally required to comply with the wage and overtime payment laws of the United States and of the State of Ohio as well as recordkeeping laws of the State of Ohio.

25. During relevant times, Defendants had knowledge of and acted willfully in regard to their conduct described herein.

**III.** **FACTUAL ALLEGATIONS**

26. During her employment with Defendants, Named Plaintiff worked as a Home Health Aide. Named Plaintiff's primary duties included providing companionship services, domestic services, home care, and other in-home services.

27. Named Plaintiff began working for Defendants as a HHA in 2018 and was initially compensated at a regular hourly rate of $10.75.

28. Named Plaintiff regularly worked more than forty (40) hours per week for Defendants but was not paid one-and-one-half times (1.5x) her regular rate of pay for those hours worked over forty (40).

29. Despite the change in law and elimination of a previous exemption for HHAs, effective January 1, 2015, Defendants have failed to comply and properly pay all overtime wages due to Named Plaintiff and similarly situated employees. *See* FLSA of 1938, §13(a)(15), 29 U.S.C. §213(a)(15), (21); 29 C.F.R. §552.109(a), (c), 552.6.

### A. **Defendants Failed to Properly Pay All Overtime Wages Owed for All Hours Worked by Hourly Non-Exempt Employees over 40 Per Workweek and Instead Paid Straight-Time Pay for Hours Worked over 40 Per Workweek.**

30. Defendants did/do not pay their employees one-and-one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a workweek as required by law.

31. Named Plaintiff and other similarly situated employees worked more than forty (40) hours per workweek for Defendants, but Defendants did not pay them at any (let alone their proper) overtime rate for all hours worked in excess of forty (40) per workweek for Defendants.

32. Instead, Defendants paid Named Plaintiff and other similarly situated employees their base hourly rate of pay for all hours worked each week ("straight time pay"), including improperly compensating Named Plaintiff at the straight time rate for those hours exceeding forty (40) per workweek.

33. Defendants therefore failed to compensate Named Plaintiff and other similarly situated employees for all hours worked in excess of forty (40) per week at one-and-one-half times (1.5x) Named Plaintiff and other similarly situated employees' regular rates of pay as required by law.

## IV. COLLECTIVE AND CLASS ALLEGATIONS

### 216(b) Collective Allegations

34. Named Plaintiff brings her FLSA claim pursuant to Section 216(b) as a representative action on behalf of her and all other similarly situated employees of the opt-in collective, consisting of the following:

> **All current and former hourly employees of Defendants who were paid for 40 or more hours of work in one or more workweeks when considering the hours worked for Defendants in the aggregate, beginning 3 years prior to the filing of this Complaint and continuing through final disposition of this case (the "FLSA Collective" or the "FLSA Collective Members").**

35. Examples of employees that may be members of the FLSA Collective include but are not limited to direct support professionals, support specialists, caregivers, home health aides, aides, licensed nurse practitioners, hourly registered nurses, and other employees who provided similar companionship services, domestic services, home care, and other in-home services during their employment with Defendants.

36. This FLSA claim is brought as an "opt-in" collective action pursuant to Section 216(b) as to claims for overtime compensation, compensation withheld in violation of the FLSA, liquidated damages, and attorneys' fees under the FLSA. In addition to Named Plaintiff, numerous FLSA Collective Members have been denied proper overtime compensation due to Defendants' joint and companywide payroll policies and/or practices. Named Plaintiff is representative of those

other similarly situated employees and is acting on behalf of her interests as well as their own in bringing this action.

37. The identities of the FLSA Collective Members are known to Defendants and are readily identifiable through Defendants' payroll records. These individuals may readily be notified of this action and allowed to opt in to it pursuant to Section 216(b) for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

### Rule 23 Allegations

38. Named Plaintiff brings her Ohio Wage Act claims pursuant to Fed. R. Civ. P. 23 as a class action on behalf of herself and all other members of the following class:

> **All current and former hourly employees of Defendants who were paid for 40 or more hours of work in one or more workweeks when considering the hours worked for Defendants in the aggregate, beginning 2 years prior to the filing of this Complaint and continuing through final disposition of this case (the "Rule 23 Class" or the "Rule 23 Class Members").**

39. The Rule 23 Class similarly includes but is not limited to direct support professionals, support specialists, caregivers, home health aides, aides, licensed nurse practitioners, hourly registered nurses, and other employees who provided similar companionship services, domestic services, home care, and other in-home services during their employment with Defendants.

40. The Rule 23 Class, as defined above, is so numerous that joinder of all members is impracticable.

41. Named Plaintiff is a member of the Rule 23 Class, and her claims for unpaid wages are typical of the claims of other members of the Rule 23 Class.

42. Named Plaintiff will fairly and adequately represent the Rule 23 Class and the interests of all members of the Rule 23 Class.

43. Named Plaintiff has no interest that is antagonistic to or in conflict with those interests of the Rule 23 Class that she has undertaken to represent.

44. Named Plaintiff has retained competent and experienced class action counsel who can ably represent the interests of the entire Rule 23 Class.

45. Questions of law and fact are common to the Rule 23 Class.

46. Class certification is appropriate under Rule 23(b)(1) because individual actions would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for Defendants with respect to their non-exempt employees.

47. Class certification is appropriate under Rule 23(b)(2) because Defendants acted or refused to act on grounds generally applicable to the Rule 23 Class, making appropriate declaratory and injunctive relief with respect to Named Plaintiff and the Rule 23 Class as a whole.

48. Class certification is appropriate under Rule 23(b)(3) because the questions of law and facts common to the Rule 23 Class predominate over questions affecting individual members of the Rule 23 Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

49. Questions of law and fact that are common to the Rule 23 Class include, but are not limited to, the following: (a) whether Defendants violated the Ohio Acts by failing to pay the Rule 23 Class for hours worked, including those in excess of forty hours per week; (b) whether Defendants kept accurate records of the amount of time the Rule 23 Class was working each day; (c) whether Defendants calculated the Rule 23 Class's overtime rate of pay as required by the Ohio Wage Act; (d) whether Defendants' violations of the Ohio Acts were knowing and willful; (e)

what amount of unpaid and/or withheld compensation, including overtime compensation, is due to Named Plaintiff and other members of the Rule 23 Class on account of Defendants' violations of the Ohio Acts; and (f) what amount of prejudgment interest is due to the Rule 23 Class Members for overtime or other compensation that was withheld or otherwise not paid to them.

50. A class action is superior to individual actions for the fair and efficient adjudication of Named Plaintiff's claim and will prevent undue financial, administrative, and procedural burdens on the parties and the Court. Named Plaintiff and her counsel are not aware of any pending Ohio litigation on behalf of the Rule 23 Class, as defined herein, or on behalf of any individual alleging a similar claim. Because the damages sustained by individual members are modest compared to the costs of individual litigation, it would be impractical for class members to pursue individual litigation against the Defendants to vindicate their rights. Certification of this case as a class action will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

V. **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION:**
**FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME**

51. All of the preceding paragraphs are realleged as if fully rewritten herein.

52. This claim is brought as part of a collective action by Named Plaintiff on behalf of herself and the FLSA Collective Members.

53. The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per week at one-and-a-half times (1.5x) their regular rates of pay for those overtime hours. 29 U.S.C. § 207(a)(1).

54. During the three (3) years preceding the filing of this Complaint, Defendants employed Named Plaintiff and the FLSA Collective Members.

55. Named Plaintiff and the FLSA Collective Members were paid on an hourly basis when working in non-exempt positions.

56. Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in a workweek.

57. Defendants jointly violated the FLSA with respect to Named Plaintiff and the FLSA Collective by, *inter alia*, failing to compensate them at one-and-one-half times (1.5x) their regular rates of pay for hours worked over forty (40) hours in a workweek as a result of their FLSA-violating policies.

58. Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

59. Defendants knew or should have known of the overtime payment requirements of the FLSA. Defendants knew or should have known of the January 1, 2015 elimination of applicable exemptions for third party employers, yet Defendants willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

60. Defendants knowingly, willfully, and jointly failed to pay Named Plaintiff and the FLSA Collective Members the overtime wages that they were due.

61. The exact amount of compensation, including overtime compensation, that Defendants have failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants or were otherwise not kept by Defendants.

62. As a direct and proximate result of Defendants' joint conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, pre- and post-judgment

interest and attorneys' fees, and all other remedies available on behalf of herself and the FLSA Collective Members.

**SECOND CAUSE OF ACTION:**
**O.R.C. 4111.03 — RULE 23 CLASS ACTION FOR UNPAID OVERTIME**

63. All of the preceding paragraphs are realleged as if fully rewritten herein.

64. This claim is brought under Ohio law.

65. Named Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants, and Defendants are employers covered by the overtime requirements under Ohio law.

66. Ohio law requires that employees receive overtime compensation "not less than one and one-half times" (1.5x) the employee's regular rate of pay for all hours worked over forty (40) in one workweek "in the manner and methods provided in and subject to the exemptions of section 7 and section 13 of the Fair Labor Standards Act of 1937." O.R.C. § 4111.03(A); *see also* 29 U.S.C. § 207(a)(1) (stating same).

67. While jointly employed by Defendants, Named Plaintiff and the Rule 23 Class Members worked in excess of the maximum weekly hours permitted under Section 4111.03 but were not paid at the overtime rate for this time spent working.

68. As a result of Defendants' joint and companywide corporate policies, they failed to pay Named Plaintiff and the Rule 23 Class Members overtime wages beginning in January 1, 2015 when the exemption was eliminated for third party employers, resulting in unpaid overtime.

69. Named Plaintiff and the Rule 23 Class Members were not exempt from the wage protections of Ohio law.

70. Defendants' repeated, knowing, and joint failure to pay overtime wages to Named Plaintiff were violations of Section 4111.03, and, as such, Defendants willfully withheld and failed

to pay the overtime compensation to which Named Plaintiff and the Rule 23 Class Members are entitled.

71. For Defendants' violations of Section 4111.03, Named Plaintiff and the Rule 23 Class Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of herself and the Rule 23 Class Members.

**THIRD CAUSE OF ACTION:**
**O.R.C. 4113.15 — RULE 23 CLASS ACTION FOR OPPA VIOLATION**

72. All of the preceding paragraphs are realleged as if fully rewritten herein.

73. For the relevant time period, Named Plaintiff and the Rule 23 Class Members have been jointly employed by Defendants.

74. During relevant times, Defendants were entities covered by the OPPA, and Named Plaintiff and the Rule 23 Class Members have been employed by Defendants within the meaning of the OPPA.

75. The OPPA requires that Defendants jointly pay all of Named Plaintiff's and the Rule 23 Class Members' wages, including unpaid overtime, (1) on or before the first day of each month for wages earned by her during the first half of the preceding month ending with the fifteenth day thereof, and (2) on or before the fifteenth day of each month for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

76. During relevant times, Named Plaintiff and the Rule 23 Class Members were not paid all wages, including overtime wages at one-and-one-half times (1.5x) their regular rates of pay, within thirty (30) days of performing work for Defendants. *See* O.R.C. § 4113.15(B).

77. Named Plaintiff's and the Rule 23 Class Members' unpaid wages remain unpaid for more than thirty (30) days beyond their regularly scheduled paydays.

78. In violating the OPPA, Defendants acted willfully, jointly, without a good faith basis, and with reckless disregard of applicable Ohio law.

### FOURTH CAUSE OF ACTION: 
### RECORDKEEPING VIOLATIONS OF THE OHIO WAGE ACT

79. All of the preceding paragraphs are realleged as if fully rewritten herein.

80. The Ohio Wage Act requires employers to maintain and preserve payroll or other records containing, among other things, the hours worked each workday and the total hours worked each workweek. *See* O.R.C. § 4111.08; *see also* 29 C.F.R. §§ 516.2, *et seq.* (stating same)

81. During all times material to this complaint, Defendants were covered employers and were therefore jointly and severally required to comply with the Ohio Wage Act's mandates.

82. Named Plaintiff and the Rule 23 Class Members were covered employees entitled to the protections of the Ohio Wage Act.

83. During times material to this complaint, Defendants jointly violated the Ohio Wage Act with respect to Named Plaintiff and the Rule 23 Class Members by failing to properly maintain accurate records of all hours that Named Plaintiff and the Rule 23 Class Members worked each workday and within each workweek.

84. In violating the Ohio Wage Act, Defendants jointly acted willfully and with reckless disregard of clearly applicable Ohio Wage Act provisions.

VI. **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff requests judgment against Defendants, jointly and severally, and for an Order:

A. Certifying the proposed FLSA collective action;

B. Directing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to Section 216(b);

C. Certifying the proposed Rule 23 Class under Ohio law;

D. Finding that Defendants have failed to keep accurate records in accordance with the FLSA and Ohio law and that Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members are thus entitled to prove their hours worked with reasonable estimates;

E. Awarding to Named Plaintiff and the FLSA Collective Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by the FLSA;

F. Awarding to Named Plaintiff and the Rule 23 Class Members unpaid compensation, including overtime wages, as to be determined at trial together with any liquidated damages allowed by Ohio law;

G. Awarding to Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members costs, disbursements, pre- and post-judgment interest, and reasonable allowances for fees of counsel and experts as well as reimbursement of other such expenses;

H. Awarding to Named Plaintiff, the FLSA Collective Members, and the Rule 23 Class Members such other and further relief as the Court deems just and proper;

I. Issuing an injunction prohibiting Defendants from engaging in present, ongoing, and future violations of Ohio law;

J. Granting to Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery; and

K. Rendering a judgment against Defendants, jointly and severally, for all damage, relief, or any other recovery whatsoever.

Respectfully submitted,

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Kelsie N. Hendren (100041)
**COFFMAN LEGAL, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Telephone: 614-949-1181
Facsimile: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
  khendren@mcoffmanlegal.com

*/s/ Peter Contreras*
Peter Contreras (0087530)
**CONTRERAS LAW, LLC**
1550 Old Henderson Road
Suite 126
Columbus, Ohio 43220
Phone: 614-787-4878
Fax: 614-957-7515
Email: peter.contreras@contrerasfirm.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman